# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**VIRGINIA ADAMS,**
**Claimant Below, Petitioner**

**FILED**

January 25, 2018
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 17-0859** (BOR Appeal No. 2051899)
(Claim No. 2015009311)

**SILVER CREEK CHARLESTON B, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Virginia Adams, by Otis R. Mann Jr., her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Silver Creek Charleston B, LLC, by Lisa Warner Hunter, its attorney, filed a timely response.

The issue on appeal is permanent partial disability. The claims administrator granted a 10% permanent partial disability award on November 24, 2015. The Office of Judges affirmed the decision in its March 16, 2017, Order. The Order was affirmed by the Board of Review on August 15, 2017. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Adams, a laundry attendant, was injured in the course of her employment on August 9, 2014, when she fell on a waxed floor and struck her left shoulder on a sink. Ms. Adams had a prior work-related injury in 1987. A treatment note by Larry Casto, M.D., indicates she was injured when she slipped and fell on a waxed floor, landing on her head, neck, and shoulder. She complained of pain in her neck and shoulder. In an April 19, 1988, independent medical evaluation, Robert Clubb, M.D., assessed 3% permanent partial disability for injury. Ms. Adams was eventually awarded a 5% permanent partial disability award for her cervical and dorsal spine by the Office of Judges on November 30, 1994.

1

In the instant claim, Marsha Lee Bailey, M.D., performed an independent medical evaluation on June 16, 2015, and found that Ms. Adams's description of the injury is consistent with her MRI findings. Dr. Bailey found it was reasonable to assume Ms. Adams sustained a left shoulder contusion, shoulder sprain/strain, and rotator cuff injury. She had not yet reached maximum medical improvement and required further treatment. The claim was held compensable for left rotator cuff tear, left shoulder sprain, and left shoulder contusion on July 2, 2015.

On November 5, 2015, Dr. Bailey performed a second independent medical evaluation in which she recommended shoulder surgery; however, Ms. Adams refused due to family obligations. Therefore, Dr. Bailey found she had reached maximum medical improvement. Using the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993), she assessed 18% upper extremity impairment which converted to 11% whole person impairment. Dr. Bailey noted that Ms. Adams's left hand grip strength was pain restricted. She also had mild range of motion abnormalities in her right shoulder equaling 1%. Dr. Bailey therefore apportioned the left shoulder impairment for the preexisting 1% impairment in both shoulders. In support, she noted that Ms. Adams's x-ray and MRI showed normal, age related, mild osteoarthritis. Dr. Bailey's total assessment was 10% impairment. The claims administrator granted a 10% permanent partial disability award on November 24, 2015.

On August 16, 2016, Bruce Guberman, M.D., performed an independent medical evaluation. He used the American Medical Association's *Guides to the Evaluation of Permanent Impairment* to find 20% upper extremity impairment which equated to 12% whole person impairment. Dr. Guberman noted that Ms. Adams received a 5% permanent partial disability award for a 1987 injury to her neck and lower back. He made no apportionment for the preexisting injury.

The Office of Judges affirmed the claims administrator's grant of a 10% permanent partial disability award on March 16, 2017. It found that the range of motion measurements assessed by Dr. Bailey and Dr. Guberman were similar. The biggest difference was Dr. Bailey's apportionment of 1% impairment to a preexisting condition given that the uninvolved right shoulder had 1% impairment. Dr. Guberman, on the other hand, noted the prior injury and the x-ray which showed arthritis, but did not apportion for the preexisting condition. The Office of Judges noted that Ms. Adams had a prior injury in 1987 which caused bilateral shoulder pain. This was determined to be consistent with Dr. Bailey's observed range of motion abnormalities. Dr. Bailey also took notice of the x-ray evidence of preexisting shoulder arthritis. Her report was therefore found to be more consistent with the evidentiary record. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on August 15, 2017.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. Dr. Bailey apportioned for a preexisting arthritic condition in the bilateral shoulders. This apportionment is consistent with the evidence of record which shows by x-ray that Ms. Adams had preexisting arthritis in both shoulders.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: January 25, 2018**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

3